IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES MENENDEZ, MARGARET § | | |
| MENENDEZ and ALLSTATE § | | |
| INSURANCE COMPANY § | | PLAINTIFFS |
| § | | |
| v. § | | CAUSE NO. 1:08CV1551 LG-RHW |
| § | | |
| DS WATERS OF AMERICA, INC. § | | |
| and ZOHAR WATERWORKS, LLC § | | DEFENDANTS |

| | | |
|---|---|---|
| DS WATERS OF AMERICA, INC. § | | CROSS-CLAIMANT |
| § | | |
| v. § | | |
| § | | |
| ZOHAR WATERWORKS, LLC. § | | CROSS-DEFENDANT |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS**

BEFORE THE COURT is Zohar Waterworks, LLC's Motion [48] to Dismiss Cross-Claim of DS Waters of America, Inc. Zohar asserts that DS Waters has engaged in claim splitting by filing the cross-claim and seeks its dismissal. DS Waters has filed a response in opposition, to which Zohar has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be denied.

FACTS AND PROCEDURAL HISTORY

The Menedezes leased a water cooler from DS Waters for use in their Ocean Springs, Mississippi residence. They filed this lawsuit in 2008, after their residence was damaged by a fire that they allege was caused by an electrical defect in the water cooler, which had been manufactured by Oasis Corporation - Zohar's predecessor.

They bring state law claims of breach of duty of bailor, breach of implied warranties, failure to warn, and negligence against Zohar and DS Waters.

In 2010, DS Waters filed a complaint in the United States District Court for the Northern District of Georgia against Hartford Insurance Company. The complaint alleges that DS Waters tendered the defense of the Menendez suit to 1) Zohar, pursuant to an indemnity agreement between their predecessor corporations, and 2) Hartford, pursuant to the insurance policy issued to Zohar's predecessor corporation and in regard to which DS Waters is an additional insured. DS Waters requests a declaratory judgment that it is an additional insured under the Zohar policy issued by Hartford and that Hartford has a duty to defend and indemnify DS Waters for the claims made by the Menendezes. Additionally, DS Waters brings breach of contract and bad faith against Hartford.

About four months after filing the Georgia suit, DS Waters filed a cross-claim against Zohar in this case. In the cross-claim, DS Waters alleges that it tendered its defense and claim for indemnity to Zohar and its insurer, but they have not accepted the same. DS Waters contends it is entitled to a "full and complete defense, indemnification and/or insurance coverage from Zohar's insurance carriers. . . ." In the alternative, DS Waters claims entitlement to indemnity from Zohar and its insurer under Mississippi Code sections 85-5-7 and 11-1-63(g).

Zohar argues that by filing the cross-claim, DS Waters split its claim for indemnification. DS Waters disagrees, but states that it can cure any perceived claim splitting by removing references to Zohar's insurance carriers in its cross-claim.

DISCUSSION

"Claim-splitting occurs when a single 'cause of action' is split by advancing one part in an initial suit and another part in a later suit." *FDIC v. Nelson*, 19 F.3d 15, 1994 WL 93409, at *2 n.5 (5th Cir. Mar. 15, 1994) (citing *Tex. Emp'rs Ins. Ass'n v. Jackson*, 862 F.2d 491, 501 (5th Cir. 1988)). The rule against claim splitting

> prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. The doctrine against claim splitting allows district courts to dispose of needless and duplicative lawsuits.

*Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed. Appx. 256, 265 (4th Cr. 2008) (citations and internal quotation marks omitted). "A main purpose behind the rule preventing claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim." *Super Van, Inc. v. City of San Antonio*, 92 F.3d 366, 371 (5th Cir. 1996).

Applying this legal standard, DS Waters has not engaged in claim splitting. Although its claims against Zohar are closely related to those against Hartford, the claims are nonetheless separate. Zohar's duties in regard to the indemnification agreement and insurance policy are different from Hartford's duties. It must also be noted that Zohar and Hartford are two separate defendants. Only Zohar was named as a defendant to the cross-claim. Zohar is not a party to the Georgia lawsuit, and is therefore not subject to harassment by the filing of the cross-claim. Considering that DS Waters did not name Hartford or any other insurance company as a defendant in its cross-claim, the language Zohar objects to regarding its "insurance carriers" is not

a claim but mere surplusage.  For these reasons, the Court concludes that the Motion to Dismiss should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Zohar Waterworks, LLC's Motion [48] to Dismiss Cross-Claim of DS Waters of America, Inc. is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of February, 2011.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE